IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MAGALLANES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ALBERTO C. MAGALLANES, APPELLANT.

Filed March 31, 2015.    No. A-14-336.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Reversed and remanded with directions.

Alberto C. Magallanes, pro se.

Jon Bruning, Attorney General, and Nathan A. Liss for appellee.

MOORE, Chief Judge, and IRWIN and RIEDMANN, Judges.

MOORE, Chief Judge.

INTRODUCTION

Alberto C. Magallanes appeals from the order of the district court for Douglas County, which denied his motion for postconviction relief without an evidentiary hearing. In doing so, the court implicitly denied Magallanes' pending motion for leave to amend his postconviction motion, which was an abuse of its discretion. Accordingly, we reverse and remand to the district court with directions to grant the motion for leave to amend. We also reverse the order of the district court which denied Magallanes' request for appointment of counsel based upon his original motion for postconviction relief.

BACKGROUND

In 2011, Magallanes was convicted of possession with intent to deliver methamphetamine, possession with intent to deliver cocaine, and two counts of failing to affix a drug tax stamp. He

was sentenced to 20 to 40 years in prison on the possession counts, and 1 to 2 years in prison on the drug tax stamp counts, with all terms running concurrently. His convictions on the possession counts were affirmed on appeal, although the drug tax stamp convictions were reversed. See *State v. Magallanes*, 284 Neb. 871, 824 N.W.2d 696 (2012), cert. denied, ___ U.S. ___, 133 S. Ct. 2359, 185 L. Ed. 2d 1082 (2013).

In December 2013, Magallanes mailed a verified motion for postconviction relief to the district court, although it was inadvertently not filed by the clerk until February 6, 2014. Magallanes also mailed a "Motion for Leave to Amend Motion for Postconviction Relief with Extension of Time of (90) days" and a motion for appointment of counsel, which were not file-stamped until February 12, 2014. The district court later confirmed that Magallanes' pleadings were received by the court on or about December 17, 2013.

In his motion for leave to amend, Magallanes requested leave to amend the postconviction motion if it was determined to be necessary upon further review of the record or by counsel in the event Magallanes' request for appointment of counsel was granted. Magallanes asserted that because of the one-year statute of limitations under Neb. Rev. Stat. § 28-3001 (Reissue 2008) for postconviction actions, it was necessary to file his motion without having time to "argue said claims" and because of the very limited time allowed an inmate to prepare his motion.

On December 17, 2013, the district court entered an order, granting Magallanes leave to proceed in forma pauperis, denying his motion for appointment of counsel, and granting the State 45 days to file a response to the postconviction motion. The court specifically "[made] no ruling on [Magallanes'] Motion for Leave to Amend Motion for Postconviction with Extension of Time (90) days pending further hearing."

On March 28, 2014, the district court entered an order denying Magallanes' postconviction motion. The court, after reviewing the motion, the pleadings and evidence in the case, and the State's response to the motion, found that Magallanes failed to plead sufficient allegations containing facts which, if true, would prove to be grounds for relief. The order made no mention of the motion for leave to amend. Magallanes subsequently perfected his appeal to this court.

## ASSIGNMENTS OF ERROR

Magallanes asserts, reordered, that the district court erred by (1) failing to consider and rule upon his pending motion to amend and (2) denying his request for court-appointed counsel. Magallanes also claims that he received ineffective assistance of counsel on direct appeal in several regards.

## STANDARD OF REVIEW

Deciding to grant or deny an amendment to a pleading is a matter entrusted to the discretion of the trial court. *State v. Burton*, 282 Neb. 135, 802 N.W.2d 127 (2011). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *State v. Hill*, 288 Neb. 767, 851 N.W.2d 670 (2014).

ANALYSIS

*Motion to Amend.*

The district court denied Magallanes' motion for postconviction relief, however, the court failed to specifically address Magallanes' motion for leave to amend the postconviction motion. Both parties agree that such failure requires reversal of the district court's order. However, the parties disagree about the import of such failure and the appropriate directions to be given by this court upon remand. Magallanes requests that we remand the cause to the district court with directions to grant him leave to amend his postconviction petition. The State argues that there is no evidence that the district court ruled on--or even considered--Magallanes' motion to amend, so there is no ruling or decision to review. The State therefore maintains that the appropriate remedy is for this court to instruct the district court to rule on the motion.

Both parties refer to the cases of *State v. Mata*, 280 Neb. 849, 790 N.W.2d 716 (2010) and *Gonzalez v. Union Pacific R.R. Co.*, 282 Neb. 47, 803 N.W.2d 424 (2011) as instructive in this case.

*State v. Mata, supra*, also involved a denial of a defendant's motion for postconviction relief without an evidentiary hearing. On appeal, the defendant argued that the court should have appointed counsel and allowed him to amend his postconviction motion. In *Mata*, the defendant's motion for leave to amend was argued at a preliminary hearing held to determine whether to grant the request for counsel and to hold an evidentiary hearing. Following the hearing, the district court denied the original postconviction motion without explicitly ruling on the request for leave to amend. The court also denied the defendant's request for appointment of counsel. On appeal, the Nebraska Supreme Court considered the district court's decision as a denial of the motion for leave to amend and found that the district court abused its discretion in doing so. In reaching that conclusion, the Supreme Court noted that the defendant had tried to explain the necessity for amending his motion and that prejudice to the State justifying denial of leave to amend had not been established. The Supreme Court reversed the district court's judgment and remanded the cause with directions to appoint counsel for Mata and grant him leave to amend.

In *Gonzalez v. Union Pacific, supra*, the plaintiff asked for leave to amend her complaint at a hearing on the defendant's motion to dismiss. The district court dismissed the wrongful death claim without expressly ruling on that request. On appeal, the Nebraska Supreme Court, after finding an implicit denial of the request for leave to amend, noted Neb. Ct. R. Pldg. § 6-1115(a), which provides that leave to amend a pleading "shall be freely given when justice so requires." The Court then observed that a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated. *Gonzalez v. Union Pacific, supra*. The Court found none of those factors present and further observed that it is an abuse of discretion for the district court to dismiss a suit on the basis of the original complaint without first considering and ruling on a pending motion to amend. *Id.* Accordingly, the Court concluded that the district court had abused its discretion in not allowing the plaintiff to amend her complaint.

In the case before us, there was no hearing before the district court at which the motion for leave to amend was addressed. In fact, the record before us does not indicate that any hearings with parties present were held before the district court prior to the court's denial of the postconviction motion; said denial being done solely upon the record from the underlying criminal action and the postconviction pleadings of the parties. Nevertheless, the court was clearly aware of the pending motion for leave to amend based upon its December 17, 2013 order in which it explicitly withheld ruling on the motion pending the State's response to the postconviction motion. Thus, we conclude, as did the Supreme Court in *Mata* and *Gonzalez*, that the court's failure to explicitly rule on the motion for leave to amend when denying the postconviction motion amounted to a denial of the motion for leave to amend.

We next consider whether the district court abused its discretion in denying Magallanes' motion for leave to amend his postconviction motion. Neb. Ct. R. Pldg. § 6-1115(a) states that a party may amend "the party's pleading once as a matter of course before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may amend it within 30 days after it is served." Here, Magallanes filed his motion for leave to amend apparently at the same time as his postconviction motion. However, the court in its December 17, 2013 order granted the State 45 days to file a response to the postconviction motion and noted that it was making no ruling on the motion for leave to amend, when, in actuality, Magallanes was free to amend his motion without leave prior to the State's responsive pleading being served. Nevertheless, following the filing of the State's responsive pleading, the court entered its order denying the postconviction motion, and as we have determined, implicitly denying the motion for leave to amend the motion.

As noted above, Neb. Ct. R. Pldg. § 6-1115(a) further provides that leave to amend a pleading "shall be freely given when justice so requires." A district court's denial of leave to amend is appropriate only upon undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party. See *Gonzalez v. Union Pacific R.R. Co., supra*.

In his motion for leave to amend, Magallanes alleged the circumstances necessitating leave to amend; which in essence was that he (or his counsel if appointed) needed additional time to review the record to determine whether additional claims needed to be addressed in his postconviction motion, and that it was necessary to file the action before completing this review due to the statute of limitations. A similar argument was presented by the defendant in *State v. Mata, supra*. Magallanes also noted that as an inmate he was allowed limited time to prepare his motion. There is nothing in the record on appeal showing prejudice to the State, nor does the State argue any such prejudice. Under the circumstances of this case, it was an abuse of discretion for the district court to deny Magallanes leave to amend his motion for postconviction relief. Accordingly, we reverse the judgment and remand the cause with directions to grant him leave to amend.

*Request for Counsel.*

Magallanes asserts that the district court erred by denying his request for court-appointed counsel. He argues that appointment of counsel is necessary in order to assist him in preparing his

amended postconviction motion. Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015). When the assigned errors in a postconviction petition before the district court contain no justiciable issues of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant. *Id.*

Because we are allowing Magallanes the opportunity to file an amended postconviction motion, we also reverse the district court's order denying his request for appointment of counsel, which order was based upon the allegations contained in Magallanes' original postconviction motion. The determination of whether the postconviction petition contains any justiciable issues of law or fact as a predicate to appointment of counsel must be made based upon the allegations in the amended postconviction motion.

*Ineffective Assistance of Counsel.*

Magallanes asserts that he received ineffective assistance of counsel on direct appeal in several regards. His assertions of ineffective assistance of counsel on direct appeal relate to the allegations in his postconviction motion prior to any amendment. Because of our resolution of Magallanes' assignment of error with respect to his motion to amend his postconviction pleadings, we need not address this assignment of error in the present appeal. An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it. *State v. Draper*, 289 Neb. 777, 857 N.W.2d 334 (2015).

## CONCLUSION

The district court abused its discretion in denying Magallanes' motion for leave to amend his postconviction motion. We therefore reverse the order of the district court denying Magallanes' motion for postconviction relief and remand the cause to the district court with directions to grant the motion for leave to amend. We also reverse the order of the district court which denied Magallanes' request for appointment of counsel based upon his original motion for postconviction relief.

REVERSED AND REMANDED WITH DIRECTIONS.